Abigail M. Roberson, an Infant, by Guardian ad Litem, Respondent, v. The Rochester Folding Box Company and The Franklin Mills Company, Appellants.—Reargument ordered.

Peter Mansue, Appellant, v. John C. Knowlton, as Administrator, etc., of William H. Smith, Deceased, Respondent.—Judgment and order affirmed, with costs. All concurred.

Chainless Cycle Manufacturing Company, Respondent, v. The Traders Fire Insurance Company of Chicago, Ill., Appellant.—Defendant's exceptions overruled; motion for a new trial denied and judgment ordered upon the verdict, with costs. All concurred, except Williams, J., dissenting.

Alva G. Howe, Respondent, v. The Town of Vienna, Appellant.—Judgment and order affirmed, with costs. All concurred.

Charles Dahl, Respondent, v. Henry C. Allen, Appellant, Impleaded with John A. Seely.—Judgment and order reversed and new trial ordered, with costs to appellant to abide event. Held, that the measure of damages adopted by the trial court was incorrect within the rule laid down by this court in the case of Dunn v. Allen (55 App. Div. 637). All concurred.

Nellie A. G. Vought, Appellant, v. Eastern Building and Loan Association of Syracuse, N. Y., Respondent.—Judgment and order affirmed, with costs. All concurred.

Gerrie E. Driffill, Appellant, v. Horace N. Cowles, Respondent.—Plaintiff's exceptions overruled and motion for a new trial denied, with costs, and judgment ordered for the defendant on the verdict. All concurred.

Frank J. Bissing, Respondent, v. Louis J. Smith, Appellant, Impleaded with Others.—Judgment and order affirmed, with costs. All concurred.

Amelia Weber, Respondent, v. The Supreme Tent of the Knights of the Maccabees of the World, Appellant.—Judgment affirmed, with costs. All concurred, except Spring, J., not sitting.

Jacob Feinen, Appellant, v. Ferdinand Wuerstle, Respondent.—Judgment affirmed, with costs. All concurred.

61    613
Case 10
a172 N Y 490

---

## FIRST DEPARTMENT, MAY TERM, 1901.

Philip Kassel, Respondent, v. Nissim M. Jeuda, Appellant.—Order affirmed, with ten dollars costs and disbursements.—Appeal from an order of the Special Term continuing a temporary injunction.—

INGRAHAM, J.: The plaintiff shows that prior to the year 1889 he established himself in business as a manufacturer of cigarettes in the city of New York and that at the commencement of this business he adopted a box or wrapper for these cigarettes with the name "Imperial Turkish Cigarettes" and a distinctive pink coloring and with letters printed in blue and gold. These boxes with this coloring and lettering have been used continually by the plaintiff since 1889 and have become known in the trade as distinguishing the plaintiff's goods from cigarettes manufactured by others. These boxes were manufactured by "The Munson & Co.," manufacturers of New Haven, Conn. It appears that in October, 1900, the defendant ordered of the representative of "The Munson & Co.," 100,000 cigarette boxes; 75,000 in pink and 25,000 in white, the same size and style as the Kassel imperial boxes; that he indicated the label that he wished upon the boxes which included the word "Imperial" used by the plaintiff upon its label; that when the defendant gave the order for the lettering on the boxes he held in his hand one of the plaintiff's boxes, and from that he dictated the printed matter and design that he wished printed upon the boxes he was then ordering. Munson & Co. refused to accept this order without first submitting it to the plaintiff for his inspection. The plaintiff strenuously objected to its use and thereupon Munson & Co. refused to furnish the boxes to the defendant. The defendant then procured the boxes to be manufactured elsewhere, and used them in the sale of its goods. There was also evidence to show that after the defendant's goods were put

upon the market, when the customers of the plaintiff asked for his goods they were given the goods of the defendant, and that the similarity of the appearance of the package was so great that persons desiring plaintiff's goods were furnished with those of the defendant. I think it quite apparent that when the defendant adopted this particular form of package, he did it with notice that it was an imitation of the plaintiff's box and with the intention of imitating it as nearly as he could with safety. It is a little difficult to see what object the defendant could have had in adopting a new device for his goods in November, 1900, which so nearly resembles the plaintiff's package unless he intended in some way to take an unfair advantage of the plaintiff, and certainly under these circumstances it was not improper to restrain the defendant from continuing the use of these boxes which he had adopted and which so closely resembles the plaintiff's package until he establishes upon the trial his right to so use them. We think, upon the affidavits, the court below was justified in continuing this injunction until the trial. It is only fair to say, however, that as this order was made on affidavits, an entirely different case may be made upon the trial. The grant or the continuing of the injunction b... e judgment in a case of this character should not determine the rights of the parties to the final judgment. We cannot say upon the proofs in this case that the court erred in restraining the defendant from the use of box and label until the trial of the action. The order appealed from should be affirmed, with ten dollars costs and disbursements. Van Brunt, P. J., Patterson, McLaughlin and Hatch, JJ., concurred.

The People of the State of New York ex rel. Virgil H. Winchell, Relator, v. Bernard J. York and Others, Commissioners, Composing the Board of Police of the Police Department